■ In the Matter of GOTTLIEB CONTRACTING, INC., Appellant, v HARRISON J. GOLDIN, as Comptroller of the City of New York, et al., Respondents.—Judgment, Supreme Court, New York County, entered February 5, 1975, unanimously modified, on the law, and in the exercise of discretion and the interest of justice, to the extent hereinafter set forth, and otherwise affirmed, without costs and without disbursements. Petitioner, successful bidder on three board of education construction contracts, had certain payments withheld, following vouchering by the comptroller of a great part of what was due, because of alleged Labor Law violations and mechanics' liens filed with the Finance Administration of the City of New York. After hearing, the comptroller directed that some $21,000 of the payments allegedly due be withheld because the subcontractor on electrical work had not paid prevailing wages and had overemployed apprentices in proportion to journeymen. In June, 1974, petitioner commenced an article 78 proceeding challenging the comptroller's orders, and, on cross motion to dismiss, the petition was held viable. Thereafter, petitioner and another subcontractor initiated an entirely separate proceeding pursuant to article 78 CPLR to annul the withholding order, to direct payment over of sums above the disputed amounts, and to enjoin any declaration of Labor Law violation. The purpose of the later proceeding was obviously to release the money held up by the dispute to which the first proceeding had been addressed. The Special Term denied, essentially, the relief requested, but attempted to bring some order out of the rather chaotic situation by means of the disposition here reviewed. *Inter alia,* it directed discontinuance of the earlier proceeding without costs; it directed the bonding of all liens but continued retention of the same amount, some $21,000, theretofore ordered withheld by the comp-

troller, but without bonding, there being no Labor Law provision permitting that procedure; it also directed payment of the balance withheld, to be determined on the comptroller's figures; and it permitted petitioner to institute a plenary action for any amounts claimed in excess of properly withheld sums. The appeal is from the direction of discontinuance of the earlier proceeding and denial of the request that petitioner be permitted to bond the withheld payments. The earlier proceeding had been held, prior to the decision under appeal, as well as prior to the institution of the later proceeding, to be viable; it will stand but, to avoid duplication, both proceedings should be consolidated, dealing, as they do, with virtually the same matters. Relief is properly sought as sued for; the provision for a plenary action is improvident. Nothing has been done to dispose of the question of alleged Labor Law violations and the record on this issue is far from complete. We cannot therefore dispose of it here, and it should be remanded to Special Term for completion of the return and of the record in all necessary details. The mechanics' liens are required to be secured; this has not been done, and should be. Therefore, we modify to strike the direction to discontinue the earlier article 78 proceeding and to direct its consolidation with the later proceeding, and we remand to Special Term for completion of respondent's return and the filing of all papers by either side deemed essential to the record and, when this is completed, retransfer to this court for disposition. Settle order on notice. Concur—Markewich, J. P., Murphy, Lupiano, Lane and Nunez, JJ.